IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

STEPHEN UTTERBACK,

              Plaintiff,              OPINION AND ORDER

v.

                                      11-cv-126-wmc

CAROLYN W. COLVIN,

              Defendant.

---

Before the court is plaintiff Stephen Utterback's counsel's motion for authorization of attorney's fees pursuant to 42 U.S.C. § 406(b). (Dkt. #26.) This court previously reversed the Commissioner's decision finding Utterback not disabled, and remanded this case for further administrative proceedings consistent with that opinion and order. (3/12/14 Order (dkt. #16).) Consistent with the parties' subsequent joint stipulation, the court also awarded plaintiff attorney's fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412, in the amount of $7,033.72. (5/27/14 Order (dkt. #19); 6/16/14 Judgment (dkt. #20).)

On remand, plaintiff received a total award of $93,193.00 in past-due benefits. Pursuant to § 406(b) and the terms and conditions of a fee agreement between Utterback and his counsel, plaintiff's counsel now moves for an award of 25% of the past-due social security disability benefits (minus the amount he previously received under the EAJA). For the reasons that follow, the court will grant that motion.

OPINION

Title 42 U.S.C. § 406(b)(1)(A) provides in pertinent part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

In *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002), the United States Supreme Court described the appropriate approach to fee requests under § 406(b), holding that fees yielded by contingency fee agreements should operate as the starting point. *Id.* at 808-09. Mindful, of course, of the statutory limit of 25%, courts then review the fee request for reasonableness. *Id.* In particular, the Supreme Court approved reduction of fees "based on the character of the representation and the results the representative achieved." *Id.* at 808.

The fee agreement between Utterback and his counsel provides in pertinent part:

> If the first ALJ decision after the date of this agreement is a denial and my attorney agrees to appeal and I win my case later, the fee will be twenty-five percent (25%) of all back benefits awarded in my case.

(Mot. for Attorney Fees, Ex. A (dkt. #26-2).)

Without reviewing the entire procedural history, on remand, plaintiff received an award of $93,193.00. Twenty-five percent of that amount of past-due social security disability insurance benefits is $23,298.25. Plaintiff's counsel previously received

$7,033.72, which acts as a credit. Thus, in this motion, plaintiff seeks an order certifying the Commissioner to pay him $16,264.53 out of Utterback's award.

In support of this motion, Attorney Duncan relies on (1) his experience, reputation and ability; and (2) the reasonableness of the fee request under a lodestar calculation. While his math is somewhat difficult to follow, Attorney Duncan apparently spent approximately 58 hours representing the plaintiff before this court and in the subsequent administrative process on remand, and a paralegal spent an additional 30 hours. With just those hours -- not counting approximately 40 hours in something called "administrative time" -- that works out to an hourly rate for Attorney Duncan of approximately $324, assuming a paralegal rate of $150. (Pl.'s Opening Br. (dkt. #27) 6.) The court finds this hourly rate reasonable in light of Attorney Duncan's level of experience and his non-contingent hourly rate of $250 for work comparable to social security appeals. Moreover, the amount of time spent in pursuing the appeal and at the administrative level also appears reasonable. Given the uncertainty inherent in these cases, even with a growing body of case law favoring plaintiffs in social security disability claims, this rate may still understate the risk of non-payment inherent in such cases.

While plaintiff's counsel's motion for attorney's fees was pending, and well after the date set for any response had past, the Commissioner nevertheless filed a response questioning whether the court should take into consideration the fact that Utterback may be required to repay to the Office of Personnel Management based on that office's

3

payment of disability-retirement benefits. (Def.'s Resp. (dkt. #30) 5.)[1] Specifically, as the Commissioner explains, "due to the corresponding reduction in OPM benefits, Utterback may only be approximately $33,200 better off for having received past-due benefits from the Commissioner, even *before* he pays any attorney's fees. If that is so, then 64% of the benefits paid by the Commissioner will in effect have inured to OPM's benefit, not Utterback's." (*Id.* at 6-7 (emphasis added).) While the Commissioner does not take a position on whether the fee award should be reduced, she nonetheless thought that this dynamic should be brought to the court's attention. (*Id.* at 9.)

The court invited Attorney Duncan to file a reply, which he has now done. Having reviewed the reply, the court agrees that the fact that Utterback may be required to pay back OPM benefits does not alter the relief he secured by means of Attorney Duncan's representation. Accordingly, the court believes it fair to honor the parties' agreement, and for the reasons stated above, finds the amount of fees calculated under that agreement to be reasonable.

Finally, the court agrees with Attorney Duncan that -- assuming OPM seeks reimbursement -- OPM is the biggest beneficiary of Utterback and his counsel's pursuing disability insurance benefits. In light of that, to the extent that the government is truly concerned with the optics or ethics of this allocation, the solution in determining the

---

[1] In a declaration in support of her motion for leave to file a response brief, counsel for the Commissioner indicated that "[t]he Commissioner never received notice of Plaintiff's motion for attorney's fees." (Declaration of Lu Han (dkt. #29) ¶ 4.) This makes little sense given that Attorney Duncan filed his motion with the court, resulting in *both* an Assistant U.S. Attorney in Madison *and* representative in the Office of General Counsel in Chicago receiving notice through cm/ecf of that filing. Nonetheless, the court will consider the Commissioner's woefully late response, particularly since it does not oppose the award as much as raise a legitimate policy question given the consequences of a 25% reward on the facts here.

amount of reimbursement, would appear to be for OPM to *credit* the amount of attorney's fees awarded on Utterback's past-due, social security disability insurance benefits. In other words, the court would suggest to the extent allowed by law, that OPM waive the portion of overpayment paid as attorney's fees in seeking reimbursement.

ORDER

IT IS ORDERED that:

1) Plaintiff Stephen Utterback's counsel's motion for attorney's fees pursuant to 42 U.S.C. § 406(b) is GRANTED.

2) The Commission is directed to certify payment to Attorney Dana Duncan in the amount of $16,264.53 out of plaintiff's back-due award.

3) The clerk of the court is directed to enter an amended judgment consistent with this opinion.

Entered this 23rd day of February, 2016.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge